## Commonwealth v. Padelsky

*Claude A.L. Shields, district attorney,* for the commonwealth.
*William C. Reiley,* for defendant.

DOLBIN, *J.,* July 10, 1990 —

*A hunter on his quest for game,*
*Must see a bird and then take aim.*
*For if he shoots sans diligence*
*He'll answer for his negligence.*

This matter comes before the court on defendant's petition for writ of habeas corpus contending that the commonwealth failed to establish a prima facie case before the magistrate.

Defendant was placed under arrest on or about November 21, 1989 for shooting at or causing injury to another human being while hunting game. The section of the Pennsylvania Game and Wildlife Code allegedly violated reads as follows:

"It is unlawful for any purpose while hunting or furtaking, through carelessness or negligence, to shoot at, injure or kill any human being through the use of a firearm, bow and arrow or other deadly weapon."

The relevant facts disclose that the victim and defendant were hunting near the intersection Route 901 and the Airport Road, the victim having concealed himself in dense brush while he called turkeys. He heard an answering call to his call, moved his head up from the place of concealment and was shot in the face with three pellets. He testified defendant was approximately 70 feet away, and after the shot, the defendant said, "I'm sorry, I thought you were a turkey."

The Pennsylvania Game Commission and Wildlife Conservation Officer testified that he investigated the incident and interviewed defendant who told him that he had been grouse hunting and heard a turkey call which he answered. He said he thought he saw a turkey's head move up and down in the heavy brush and although he did not see a turkey, he fired his weapon. The game warden

further testified that the area was covered with heavy thicket and had very limited visibility but that he could see the area where the victim was located from defendant's position.

In order for defendant to be held for a violation of this section, it is necessary that he exhibit carelessness or negligence in shooting at a human being. 34 Pa.C.S. §2522(a).

Negligence is defined in the Criminal Code under section 302 as follows:

"A person acts negligently with a respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation."

There is no definition given in the Criminal Code for carelessness and resort is therefore made to the Standard Jury Instructions or civil cases having to do with ordinary care. Civil Standard Jury Instructions, section 3.02 gives the following definition:

"Ordinary care is the care a reasonably careful person would use under the circumstances presented. It is the duty of every person to use ordinary care not only for his own safety and the protection of his property, but also to avoid injury to others. What constitutes ordinary care varies according to the particular circumstances and conditions existing then and there. The amount of care required by the law must be in keeping with the degree of danger involved."

In order that defendant be held to answer the within charges he must have failed to observe the above standards relating to carelessness or negligence.

The sport of turkey hunting is a dangerous one as are most other endeavors which involve firearms. Tom Turkey is a wily creature, sensitive to the sights and sounds of the hunter who generally stalks his prey from a place of concealment. The victim in the instant case even removed his orange vest lest his quarry observe him and be spooked. Moreover, those who seek the gallinaceous gobbler employ turkey calls by voice or instrument which are designed to attract the bird by pretending to be another turkey, either a friendly male or an attractive female. Some of these sounds are so genuine that no turkey in his right mind could resist the invitation to gregarious gathering. Once the unsuspecting bird presents himself in response to the seductive gobbling, he is rewarded by a barrel or two of buckshot and carried home to decorate the hunter's mantelpiece or dinner table.

Because of the hazards involved in seeking out the friendly fowl, ordinary care would require that a turkey hunter first *see* the fowl before firing. If a hunter merely hears a distant gobble or sees a furtive movement in the thicket, he may not in safety discharge his fowling piece without further finding that he is shooting at his game and not at a gentleman gamester engaged in like pursuit. There is surely a risk involved in firing through thick brush at what one *perceives* to be a turkey, without further identifying a turkey's head, wattles, beak, hackles, blade, breast, sickle feathers, hock or claw which gives the hunter some clue that he is about to dispatch a friendly turkey and not a fellow traveler employed in kindred activity.

We believe the law is reasonable enough to require that reasonable men act reasonably in the bush as in business, in the forest as by their fireside and in the hills as in their homes.

To discharge a deadly weapon at a distant target without identifying the object fired upon is to risk death or disabling and painful injury to a fellow nimrod. The sport of hunting is a grand outdoor adventure engaged in by millions of our citizens. If those who take up the sport disregard the risk involved, then calamity will cause chaos and careless crackshots will cause corpses and cadavers to cover the countryside.

We hold that the commonwealth has presented a prima facie case against defendant who was careless or negligent in his activities on November 11, 1989 in Foster Township, Schuylkill County, Pennsylvania while turkey hunting. District Justice Moran properly returned the case to court.

Defendant's petition for writ of habeas corpus is dismissed.